IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00161-KDB

| | |
|---|---|
| KEVIN DAVID ORR, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Kevin David Orr's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary Judgment (Doc. No. 15). Mr. Orr, through counsel, seeks judicial review of an unfavorable administrative decision denying his applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that the matter should be remanded to allow the ALJ to properly consider the medical opinion of one of Mr. Orr's treating physicians. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

On April 18, 2017, Plaintiff filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income, alleging disability beginning August 6, 2015 due to congestive heart failure, atrial fibrillation, hypertension, and edema. (Tr. 16, 222, 224, 256).[2] Plaintiff's applications were denied initially on June 6, 2017 and upon reconsideration on October 17, 2017. (Tr. 140, 144, 152, 160). After conducting a hearing on March 13, 2019, Administrative Law Judge Alice Jordan (the "ALJ") denied Mr. Orr's application in a decision dated June 4, 2019. (Tr. 16-30). On April 22, 2020, the Appeals Council denied Mr. Orr's request for review. (*See* Tr. 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Orr has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Orr was disabled under the law during the relevant period.[3] At step one, the ALJ found that Mr. Orr had not engaged in substantial gainful activity ("SGA") since his alleged onset date of August 6, 2015. (Tr. 19). At step two, the ALJ found that Mr. Orr had several medically determinable and severe impairments, including

---

[2] Citations to the Administrative Record filed by the Commissioner are designated as "Tr."

[3] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

"congestive heart failure (including edema), arterial fibrillation, hypertension and spinal spondylolisthesis with cervical radiculopathy." (Tr. 19). The ALJ considered Mr. Orr's impairments and the listing at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926), and concluded at step three that Mr. Orr's impairments do not meet or medically equal any listing. (Tr. 20).

The ALJ then determined that Mr. Orr had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except:

> that he requires the ability to change positions in order to get off his feet at times one time per hour without losing work. The claimant could occasionally climb ladders, meaning those two-step things, frequently climb steps, frequently stoop, crouch and kneel. He can crawl no more than occasionally. He must avoid concentrated exposure to heat, cold, humidity, respiratory irritants and hazards.

(Tr. 21).

At step four, the ALJ found that the Plaintiff was unable to perform any of his past relevant work. (Tr. 28). At step five, the ALJ concluded that Mr. Orr could perform jobs that exist in significant numbers in the national economy given his age (47), education (at least a high school education), work experience, and RFC. (Tr. 28-29). These jobs included office helper (DOT 239.567-010), routing clerk (DOT 222.687-022), and shipping and receiving weigher (DOT 222.387-074). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from August 6, 2015 through the date of her decision. (Tr. 30).

### III. LEGAL STANDARD

District courts review the ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g). The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a

3

Case 1:20-cv-00161-KDB   Document 18   Filed 09/01/21   Page 3 of 7

reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Though the "threshold for such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

On appeal to this Court, Mr. Orr argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion evidence of PA Kuwamoto (primary care provider), Dr. Miller (orthopedic surgeon), and Dr. Keever (cardiologist). (Doc. No. 14, at 2). Because the Court finds that the ALJ failed to properly evaluate the opinion evidence of PA Kuwamoto, it will remand for further administrative proceedings including a *de novo* hearing and decision.[4]

For claims filed on or after March 27, 2017 (such as Mr. Orr's), the Commissioner does not give any specific evidentiary weight, including controlling weight, to any medical opinions. 20 C.F.R. 404.1520c, 416.920c. In determining the persuasiveness of the opinion, the ALJ must consider certain factors outlined by the regulations, including supportability, consistency, the medical source's relationship with the claimant, the medical source's specialization, and other factors. *Id.* The ALJ should adequately explain her rationale in assessing opinion evidence through

---

[4] The Court need not and does not reach the issues of whether the ALJ properly evaluated the opinion of Dr. Keever and Dr. Miller.

consideration of these factors. *See, e.g.*, SSR 96-8p ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Generally, "[a] medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder." 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v).

Here, the ALJ determined that Mr. Orr was capable of performing a reduced range of light work. In making this determination, she found the opinions of all of Mr. Orr's treating physicians—PA Kuwamoto, Dr. Keever, and Dr. Miller—unpersuasive due to their alleged inconsistency with the record and Mr. Orr's activities. PA Kuwamoto opined that Mr. Orr had shortness of breath, intermittent atrial fibrillation, bilateral lower extremity pain and swelling, back pain, and chronic spasms that limited him in that he could walk only half a block without rest; sit for one hour at a time for six hours total; stand for fifteen minutes at a time for about two hours total; needed to be permitted to shift positions at will; would need up to a twenty minute break every one or two hours; would need to elevate his legs with prolonged sitting; could occasionally lift ten pounds; and would be absent more than three times per month. (Tr. 993-94). At most, these restrictions work would translate to sedentary work with numerous additional limitations.

In her analysis of PA Kuwamoto's opinion, the ALJ found that the opinion "overstate[s] the impact of the claimant's impairments and [is] not consistent with the record, including many examinations performed by [PA Kuwamoto and another doctor], which document few significant abnormalities." (Tr. 26). The ALJ then cited to a string of medical records to support her conclusion that these examinations documented "few significant abnormalities"; however, these citations include multiple positive examination findings consistent with PA Kuwamoto's opinion,

5

do not actually refer to any findings at all, or are visits for other complaints where it cannot reasonably be expected that significant abnormalities related to his disability claim would be reflected in the report. (Tr. 352 (no examination findings); 354 (irregular heart rhythm and dependent rubor); 580 (follow up on a gastroenterology and urology consults); 656 (bilateral edema); 661 (bilateral lower leg edema); 860 (bilateral edema); 867 (jugular venous distension and bilateral edema); 870 (jugular venous distension and bilateral edema)). The ALJ—who is not a medical professional—fails to adequately explain how these repeated findings of edema, venous distension, and irregular heart rhythms are "insignificant abnormalities" and/or how they are *inconsistent* with PA Kuwamoto's opinion. In addition to these positive findings, PA Kuwamoto's treatment records consistently reflect a treatment plan for Mr. Orr's edema, often referring to medication and cutting back on his fluid intake. The ALJ's statement that the treatment notes were unremarkable—when they in fact contain positive findings and repeatedly address Mr. Orr's edema—does not provide a sufficient logical bridge from the evidence to her conclusion. This is especially so when the ALJ's RFC differs so significantly from the opinion of PA Kuwamoto, who was Mr. Orr's primary care provider from October 10, 2017 through February 20, 2019, and every other treating doctor on record. Accordingly, the Court will remand the case to allow the ALJ to properly consider PA Kuwamoto's opinion in light of the evidence on record.

## V. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 15) is **DENIED**;

and the Commissioner's decision is **REVERSED**. This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

    **SO ORDERED.**

Signed: August 31, 2021

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." Sullivan, 496 U.S. 617, 625 (1990).

7